FILED 2024 OCT 17 PM 2:40 CIVIL DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.** 2024 – 9569 **DIVISION:** E

E SECTION 7

**DOROTHY J. DANOS**

**VERSUS**

**A.W. CHESTERTON COMPANY, ET AL.**

**FILED:** ____________________ ____________________ **DEPUTY CLERK**

**PETITION FOR DAMAGES FOR WRONGFUL DEATH**

COMES NOW Petitioner **DOROTHY J. DANOS** (also referred to herein as Plaintiff), the statutory heir of the late **EMILE J. DANOS** ("Decedent") pursuant to Article 2315, et. seq., of the Louisiana Civil Code, by and through undersigned counsel, alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Made Petitioner DOROTHY J. DANOS, an adult resident of Jefferson Parrish, State of Louisiana, and the surviving spouse and statutory survivor of Decedent, EMILE J. DANOS, deceased.

2. Made Defendants herein are domestic or foreign companies licensed to do, doing or having done business in the State of Louisiana that caused injury to Decedent, all of which are liable to Petitioner, as asserted below:

**ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

A. **A. W. CHESTERTON COMPANY** *is a foreign Massachusetts corporation, which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against A. W. CHESTERTON COMPANY arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to cloth, gaskets, packing and rope packing in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

B. **ALFA LAVAL INC.** *is a foreign New Jersey corporation, which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against ALFA LAVAL INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to DeLaval purifiers in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this*



Exhibit A

VERIFIED 10/18/24

*State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

C. **ANCO INSULATION, INC.** *is a domestic Louisiana corporation which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against ANCO INSULATION, INC. arise out of this Defendant's business activities in the State of Louisiana, including its mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos insulation at numerous job sites throughout Louisiana. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent Emile J. Danos' disease and death, occurred in Louisiana. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

D. **BAYER CROPSCIENCE, INC., individually and as successor in interest to Amchem Products, Inc., successor to Benjamin Foster Company,** *is a foreign New York corporation which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Corporation Service Company, 80 State Street, Albany, NY 12207. Petitioner's claims against BAYER CROPSCIENCE, INC. arise out of this Defendant's business activities including its manufacture, distribution, sale and supply of substantial amounts of asbestos-containing products, including but not limited to adhesives, coatings, sealants, and mastics in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent* Emile J. Danos *to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

E. **CATERPILLAR, INC.,** *is a foreign Delaware corporation which may be served via its registered agent for process of service in Louisiana: C T Corporation, 450 Laurel Street, 8th Foor, Baton Rouge, LA 70801. Petitioner's claims against CATERPILLAR, INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Caterpillar engines and heavy equipment in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent* Emile J. Danos *to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

F. **CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION,** *is a Delaware corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19801. Petitioner's claims against CLEAVER-BROOKS, INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale and supply of substantial amounts of asbestos-containing products, including but not limited to Cleaver-Brooks boilers in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent* Emile J. Danos' *to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

G. **ERICSSON, INC., individually and as successor-in-interest to Anaconda Wire & Cable Company,** *is a foreign Delaware corporation which may be served via its registered agent for process of service in Louisiana: Capitol Corporate Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, LA* 70809. *Petitioner's claims against ERICSSON, INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Anaconda wires in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11-12 below as it relates to Defendant.*

H. **FOSTER WHEELER ENERGY CORPORATION** *is a foreign Delaware corporation, which may be served via its registered agent for process of service in Louisiana: United Agent Group Inc., 1070-B West Causeway Approach, Mandeville, LA 70471. Petitioner's claims against FOSTER WHEELER ENERGY CORPORATION arise out of this Defendant's business activities, including its manufacture, distribution, sale and supply of substantial amounts of asbestos-containing products, including but not Foster Wheeler Boilers in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos' to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

I. **GENERAL CABLE CORPORATION** *is a foreign Delaware corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Petitioner's claims against GENERAL CABLE CORPORATION arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Carol Wires in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

J. **GENERAL CABLE INDUSTRIES, INC., individually and as successor-in-interest to Carol Cable Co.,** *is a foreign Delaware corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Petitioner's claims against GENERAL CABLE INDUSTRIES, INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Carol wires in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos' to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

K. **GOULDS PUMPS LLC f/k/a Goulds Pumps Inc.** *is a foreign Delaware limited liability company, which may be served via its registered agent for service process in Louisiana: C T Corporation System, 3687 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against GOULDS PUMPS LLC arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not*

*limited to Goulds Pumps in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

L. **GOULDS PUMPS, INCORPORATED,** *is a foreign Delaware corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: C T Corporation System, 28 Liberty Street, New York, NY 10005. Petitioner's claims against GOULDS PUMPS, INCORPORATED arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Goulds Pumps in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

M. **GRAYBAR ELECTRIC COMPANY, INC.** *is a foreign New York corporation, which may be served via its registered agent for process of service in Louisiana, Corporation Service Company, 450 Laurel St. 8th Floor, Baton Rouge, LA 70801. Petitioner's claims against GRAYBAR ELECTRIC COMPANY, INC. arise out of this Defendant's business activities in the State of Louisiana, including its mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing electrical equipment at numerous job sites throughout Louisiana. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent Emile J. Danos' disease and death, occurred in Louisiana. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

N. **GRINNELL LLC, d/b/a Grinnell Corporation,** *is a foreign Delaware limited liability company, which may be served via the Louisiana Long Arm Statute on its registered agent for service of process: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Petitioner's claims against GRINNELL LLC arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Grinnell boilers, heaters, and valves in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

O. **HB FULLER COMPANY** *is a foreign Minnesota corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Celeste Beeks Mastin, 1200 Willow Lake Boulevard, St. Paul, MN 55110. Petitioner's claims against HB FULLER COMPANY arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to manufacturing and supplying adhesives, ceramic tile mortar, and emulsion polymers in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos' to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to*

*the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

P. **IMO INDUSTRIES INC.** *is a foreign Delaware corporation, which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against IMO INDUSTRIES INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to DeLaval pumps and turbines in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

Q. **INTERNATIONAL PAPER COMPANY, as successor in interest to U.S. Plywood,** *is a foreign New York corporation, which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against INTERNATIONAL PAPER COMPANY arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to asbestos panels in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

R. **ITT LLC, f/k/a ITT Corporation, ITT Industries, Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg. Corp., Bell and Gossett Company, and ITT Marlow, and Kennedy Valve Company,** *is a foreign Indiana limited liability company, which may be served via the Louisiana Long Arm Statute on its registered agent for service of process: C T Corporation System, 334 N. Senate Avenue, Indianapolis, IN 46204. Petitioner's claims against ITT LLC arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Bell & Gossett pumps and valves and Kennedy valves in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

S. **JOHNSON CONTROLS, INC.** *is a foreign Delaware corporation, which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against JOHNSON CONTROLS INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Johnson valves in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

T. **LAMONS GASKET CO., INC.,** *is a foreign Texas corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Corporation Service Company, d/b/a CSC – Lawyer Incorporating Service*

*Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Petitioner's claims against LAMONS GASKET CO., INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to manufacturing and supplying gaskets in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

U. **MINE SAFETY APPLIANCES COMPANY, LLC,** *is a foreign Pennsylvania limited liability company, which may be served via its registered agent for process of service in Louisiana: Cogency Global Inc., 4459B Bluebonnet Blvd., Baton Rouge, LA 70809. Petitioner's claims against MINE SAFETY APPLIANCE COMPANY, LLC, arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products or products fraudulently marketed to prevent asbestos exposure, including but not limited to MSA masks and respirators in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to be exposed to asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

V. **PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc. f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc. successor-by-merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation,** *is a foreign Delaware corporation, which may be served via Louisiana Long Arm Statute on its registered agent for service of process: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Petitioner's claims against PARMOUNT GLOBAL arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Westinghouse turbines and generators in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

W. **PHELPS DODGE INDUSTRIES, INC.,** *is a foreign Ohio corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service of process: Registered Agent Solutions, Inc., 300 W. Clarendon Avenue, Suite 240, Phoenix, AZ 85013. Petitioner's claims against PHELPS DODGE INDUSTRIES, INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to copper wire in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

X. **REDCO CORPORATION, f/k/a Crane Co.,** *is a foreign Delaware corporation, which may be served via Louisiana Long Arm Statute on its registered agent for service of process: Corporation Service Company, 1209 Orange Street, Wilmington, DE 19801. Petitioner's claims against REDCO CORPORATION arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including*

*but not limited to Crane feed tanks, pumps, and valves in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

Y. **RSSC WIRE & CABLE LLC, d/b/a Rockbestos Supernant Cable Corp.**, *is a foreign Delaware limited liability company, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Petitioner's claims against RSCC WIRE & CABLE LLC arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to Rockbestos wire & cable in the State of Louisiana, and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

Z. **TAYLOR-SEIDENBACH, INCORPORATED**, is *a Louisiana corporation, which may be served via its registered agent for service of process in Louisiana: Hal Shepard, 731 South Scott St., New Orleans, LA 70119. Petitioner's claims against TAYLOR-SEDIENBACH, INCORPORATED arise out of this Defendant's business activities in the State of Louisiana, including its mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, millboards, permaboards and transite boards at numerous job sites throughout Louisiana. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and is subject to the jurisdiction of this Honorable Court. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent Emile J. Danos' disease and death, occurred in Louisiana. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

AA. **THE OKONITE COMPANY** *is a foreign New Jersey corporation which may be served via Louisiana Long Arm Statute on its registered agent for service process: David Sokira, The Okonite Company, Inc., 102 Hill Top Road, Ramsey, NJ 07446. Petitioner's claims against THE OKONITE COMPANY arising out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to wire and cable in the State of Louisiana and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and it is subject to the jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

BB. **UNIROYAL HOLDING, INC., f/k/a U.S. Rubber Company, Inc.**, *is a foreign New Jersey corporation, which may be served via the Louisiana Long Arm Statute on its registered agent for service process: C T Corporation System, 820 Bear Tavern Road, Suite 305, West Trenton, NJ 08628. Petitioner's claims against UNIROYAL HOLDING, INC. arise out of this Defendant's business activities, including its manufacture, distribution, sale, and supply of substantial amounts of asbestos-containing products, including but not limited to cloth and blankets in the State of Louisiana and for its efforts to serve the market for those products in Louisiana that led Decedent Emile J. Danos to use these asbestos-containing products in this State. Furthermore, this Defendant has done and does substantial business in the Parish of Orleans, State of Louisiana, and it is subject to the*

*jurisdiction of this Honorable Court. Petitioner specifically incorporates Nos.11-12 below as it relates to Defendant.*

**EMPLOYERS/EXECUTIVE OFFICERS/PREMISE OWNERS**

CC. **HUNTINGTON INGALLS INCORPORATED f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a AVONDALE INDUSTRIES, INC.,** *is a foreign Virginia corporation which may be served via its registered agent for service of process in Louisiana: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. Petitioner's claims against HUNTINGTON INGALLS INCORPORATED* (hereinafter "Avondale" and/or "Avondale Shipyard") *arise out of this Defendant's business activities, including owning and/or controlling premises at which Decedent Emile J. Danos was exposed to asbestos-containing products, equipment, and dust from said products at various facilities, including but not limited to Avondale Shipyard Harvey Yard in Avondale, LA. Petitioner specifically incorporates Nos.11- 12 below as it relates to Defendant.*

**INSURANCE DEFENDANTS**

DD. **LOUISIANA INSURANCE GUARANTY ASSOCIATION** has a statutory obligation to Petitioner and Decedent based upon policies of insurance issued by insolvent insurer, Lamorak Insurance Company, without limitation to deceased Avondale executives Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, Albert Tausey; Eagle, Inc., and The McCarty Corporation (administratively terminated as of December 27, 2021), and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

EE. **PENNSYLVANIA GENERAL INSURANCE COMPANY** (formerly American Employers Insurance Company) a foreign insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which at all times pertinent herein was the insurer of deceased Avondale executives Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, Albert Tausey, and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

FF. **UNITED STATES FIDELITY AND GUARANTY COMPANY**, a foreign insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which at times pertinent herein (1978 to 1981) was the insurer of Eagle, Inc. and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

GG. **ZURN AMERICAN INSURANCE COMPANY, successor-by-merger-to MARYLAND CASUALTY COMPANY**, a foreign insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which at all times pertinent herein was the insurer of Marquette Insulation, Inc. (which filed for bankruptcy and was ultimately dissolved) and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

3. Made Defendants shall include the party Defendants in No. 2 above and their predecessors and successors, which shall include, but shall not be limited to, any person, corporation, company, or business entity which formed part of any combination, consolidation, merger or reorganization from which any party Defendant was created or was the surviving corporation or other entity, or into which any party Defendant was merged, consolidated or

reorganized, whose assets, stock, property, employees, customers, good will, products or product line was acquired by or from any party Defendants; whose patent rights, trademark rights, trade secrets or goodwill was acquired by of from any party Defendant; or which was dominated or controlled by any party Defendant to such an extent that said party Defendant was the "alter ego" of said business entity.

4. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of businesses in Louisiana as Orleans Parish. Also, Louisiana Code of Civil Procedure article 73 provides that this Court is proper venue because each Defendant contributed to Decedent's exposure to asbestos and subsequent contraction of lung cancer and death; each, therefore, is solidarily liable to Petitioner with its Co-Defendants, including Taylor-Seidenbach, Inc. Further, Louisiana Code of Civil Procedure 74, provides that this Court is proper venue because Decedent suffered substantial injurious exposures to asbestos within Orleans Parish.

5. This Court has jurisdiction over all Defendants pursuant to Louisiana Revised Statute § 13:3201 (A)(1)-93) and (8) because they all transacted business in this state; contracted to supply services of things in this state; caused injury and damage by an offense or quasi offense committed through an act or omission in this state; and manufactured a product or component thereof which caused damage and injury in this state when, at the time of placing the product into the stream of commerce, they could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by any reason of its nature and marketing practices.

6. This Court has general consent jurisdiction over every Defendant that has obtained a certificate of authority to transact business in Louisiana has thereby agreed that it is amenable to suit in this State. This Court may exercise general jurisdiction over such foreign corporations consistent with due process.

7. This Court further has specific jurisdiction over every Defendant that has obtained a certificate of authority to transact business in Louisiana has thereby agreed that it is amenable to suit in this State. This Court may exercise general jurisdiction over such foreign corporations consistent with due process.

8. At all times material hereto, Defendants act through their agents, servants, or employees who were acting within the scope of their employment on the business of the Defendants.

9. The Defendants are corporations, companies, or other business entities which, during all times, material hereto in the manufacturing, producing, selling, merchandising, supplying, distributing, and/or otherwise placing in the stream of commerce asbestos-containing products. Courts of the State of Louisiana have personal jurisdiction over all Defendants.

10. Petitioner's claims against the Defendant, as defined herein, arise out of Defendants' purposeful efforts to serve in this State, either through direct sales or through utilizing an established channel with the expectation that their products would be purchased and/or used with the State of Louisiana.

11. For the purposes of the claims alleged herein, the Federal Court lacks subject matter jurisdiction over this Action, as there are no federal questions and incomplete diversity of citizenship due to the presence of a Louisiana Defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed, including any claim arising from an act or omission by a federal officer on a federal enclave or of any Officer of the United States or any agency or person acting under him occurring under color of such office. No claim of admiralty or maritime law is raised. Petitioner sues no foreign state or agency. By this allegation, Petitioner is not disclaiming State laws arising under State, statutory, decisional, or common law, nor is Petitioner disclaiming claims that stem from exposure on Federal enclaves. Petitioner is only disclaiming claims that would be directed at the Federal government and/or Federal officers. Further, the Federal Officer Removal Statute only applies to current federal officers, and Petitioner alleges no allegations relating to current federal officers and/or actions taken under the direction of current federal officers. Petitioner shall seek sanctions, attorneys' fees, and other appropriate relief in the event any Defendant moves to transfer and/or remove this Action to another court without reasonable period of meet and confer relating to same prior to notice of removal and/or transfer of this Action.

**BACKGROUND**

12. Decedent Emile J. Danos was born on or around December 17, 1944, and died on or about October 21, 2023. Decedent spent all of his life as a resident of Louisiana. From approximately 1965 until 1991, Decedent Emile J. Danos worked for Avondale Shipyard in the

Harvey Yard, repairing riggs, tugboats, and commercial boats/ships. Avondale Shipyard was a private company that was hired by private companies to work on commercial riggs, tugboats, and boats/ships. At times, Avondale also contracted with the United States Navy to work on its ships. However, none of the ship's Petitioner alleges Decedent worked on exposing him to asbestos, as detailed below, were subject to the United States Navy contracts with Defendant Avondale Industries Inc. (n/k/a Huntington Ingalls Incorporated). Therefore, none of Decedent's alleged asbestos exposures occurred as the result of any contract between the United States Navy and Defendant Avondale Industries Inc. (n/k/a Huntington Ingalls Incorporated) nor any other Defendant. In the absence of asbestos exposure resulting from a government contract, none of the Made Defendants were acting under the "color of federal office," therefore no Made Defendant has a "colorable federal defense." As such, no Made Defendant can demonstrate a casual nexus "between the claims and the conduct (i.e., exposing Decedent to asbestos as detailed below), performed under the color of federal office" in this Petition.

13. Decedent breathed injurious levels of asbestos fibers and dust, which exposures ultimately resulted in his lung cancer and death. Decedent breathed injurious asbestos concentrations beginning in approximately 1965 until approximately the late 1970s and/or early 1980s when he was employed by Avondale Shipyard as a Pipefitter/helper stationed in the Harvey Repair Yard in Avondale, Louisiana. During this time period, Decedent's job duties regularly exposed him to asbestos and/or asbestos-containing materials when installing, maintaining, repairing, and removing high heat piping, duct work, pressure vessels, boilers, pumps, valves, engines, heat exchangers, purifiers, turbines, generators, and other associated equipment throughout Avondale's Harvey Yard. This work exposed Decedent to asbestos-containing materials, including but not limited to insulation, gaskets, packing, insulation, rope, cloth, blankets, adhesives, wire, cable, and other asbestos-containing materials. Decedent also worked around other tradesmen throughout the Harvey Yard, including but not limited to carpenters, mechanics, pipefitters, boilermakers, insulators, electricians, laborers, and others who installed, maintained, and removed asbestos-containing materials in his work area. All of this work created dangerously high levels of asbestos fibers in the air of Decedent's workplace, resulting in Decedent breathing those fibers.

14. On information and belief, all causative exposures sustained by the Decedent occurred on or after September 1965. The Decedent did not sustain causative exposures to asbestos after the early 1980s.

15. Before and during Decedent Emile J. Danos's exposure period, each of the Defendants designed, tested, evaluated, manufactured, packaged, furnished, sorted, handled, transported, installed, supplied, and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed in Paragraphs 12-14 where Decedent was exposed to asbestos-containing products, equipment, requiring or calling for the use of asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

16. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung disease, pneumoconiosis, and various other injuries.

17. Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Decedent, of the health hazards inherent in the asbestos-containing products they were selling, using, and/or installing. Instead of warning Decedent and the general public about these dangers, the Defendants ignored or actively concealed such information to avoid litigation by those who were injured from asbestos inhalation.

18. As a direct and proximate result of having inhaled, ingested, or otherwise been exposed to asbestos as described in Paragraphs 12-14, Decedent contracted lung cancer and died from exposure to asbestos on October 21, 2023.

19. Because of the latency period between exposure to asbestos and the onset of cancer, Petitioner did not know, and reasonably could not have known, that Decedent's death was caused by asbestos exposure until (at the earliest) less than one year prior to the filing of the instant Petition for Damages.

**Executive Officer and Insurance Defendants**

20. In the 1960s and 1970s, while Decedent was a direct employee of Avondale at its Harvey Yard, Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, and Albert Tausey were executives officers of Avondale with the specific responsibility for the health and safety of Decedent and his fellow employees

during the time Decedent was exposed to asbestos which resulted in his lung cancer and death. Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, and Albert Tausey have since died. Pursuant to Louisiana Revised Statute 22:1269, Petitioner herein asserts a direct action against Pennsylvania General Insurance Company (formerly American Employers Insurance Company) for the liability of the following deceased executive officers: Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, and Albert Tausey.

21. Lamorak Insurance Company (as successor in interest to the liability for policies of insurance issued by Commercial Union Insurance Company and Employers Commercial Union Insurance Company) provided insurance coverage for the liability of the following executive officers of Avondale: Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, and Albert Tausey. However, Lamorak Insurance Company was declared insolvent on March 11, 2021. Petitioner makes claims against Louisiana Insurance Guaranty Association (hereinafter referred to as "LIGA"), who has a statutory obligation to Petitioner and Decedent based upon policies of insurance issued by insolvent insurer Lamorak Insurance Company, including but not limited to employers' liabilities, commercial general liability insurance policies and/or excess liability insurance policies covering the Avondale Executive officers.

22. Defendant Avondale had the responsibility for the health and safety of Decedent and his fellow employees during the time Decedent was exposed to the asbestos, which resulted in which resulted in Decedent's lung cancer and death. Avondale had the responsibility of providing them with a safe place to work; however, Avondale failed to protect them from the dangers of asbestos dust exposure, for which Avondale and its executive officers were aware or should have been aware of the dangerous condition presented by exposure to asbestos, and that Decedent would suffer from asbestos-related diseases and other ill health effects associated therewith as a result of this exposure, but they failed and/or willfully withheld from these individuals knowledge of the dangers from exposure to asbestos fiber.

23. Defendants, Avondale, and its executive officers, are answerable for the conduct of those handling asbestos products on their premises, which asbestos was defective, and which presented an unreasonable risk of harm, which asbestos resulted in the injury and death of Decedent, and for which defendants are liable under Louisiana law.

24. Lamorak Insurance Company (as successor in interest to the liability for policies of insurance issued by Commercial Union Insurance Company, Columbia Casualty Company, Employers Commercial Union Insurance Company) provided coverage to Eagle, Inc. for the liability asserted herein. Lamorak Insurance Company was declared insolvent on March 11, 2021. Petitioner makes claims against LIGA, who has a statutory obligation to Petitioner and Decedent based upon policies of insurance issued by insolvent insurer, Lamorak Insurance Company (as successor in interest to the liability for policies of insurance issued by Commercial Union Insurance Company, Employers Commercial Union Insurance Company), including but not limited to, employers' liability, commercial general liability insurance policies and/or excess liability insurance policies sold by Lamorak Insurance Company to Eagle, Inc. providing coverage for the liability asserted herein

25. Lamorak Insurance Company (as successor in interest to the liability for policies of insurance issued by Commercial Union Insurance Company) provided coverage to The McCarty Corporation (administratively terminated as of December 27, 2021) for the liability asserted herein. However, Lamorak Insurance Company was declared insolvent on March 11, 2021. Accordingly, Petitioner makes claims against LIGA, who has a statutory obligation to Petitioner and Decedent based upon policies of insurance issued by insolvent insurer, Lamorak Insurance Company (as successor in interest to the liability for policies of insurance issued by Commercial Union Insurance Company, Employers Commercial Union Insurance Company), including but not limited to, employers' liability, commercial general liability insurance policies and/or excess liability insurance policies sold by Lamorak Insurance Company to The McCarty Corporation providing coverage for the liability asserted herein.

26. United States Fidelity and Guaranty Company provided coverage to Eagle, Inc. for the liability asserted herein from approximately 1978 to 1981.

27. Zurn American Insurance Company (as successor-by-merger to Maryland Casualty Company) provided coverage to Marquette Insulation, Inc. (which filed for bankruptcy and was ultimately dissolved) for the liability asserted herein.

**NEGLIGENCE OF ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

28. Petitioner repeats, reiterates, and re-alleges every allegation of this Petition contained in the paragraphs above and with the same force and effect as if fully set forth herein:

29. On information and belief, the Defendants identified in Paragraph 2 were responsible to

provide Decedent with warnings concerning hazardous conditions at their sites or relating to their hazardous asbestos-containing materials or generally to provide Decedent with safe premises in order to protect life, health, safety, and welfare of Decedent, including, for example, the following responsibilities:

a. Inspection, approval, and supervision of these premises for hazards and vices that may present a hazard to Decedent;

b. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

c. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Decedent;

d. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

e. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

f. To keep abreast of state-of-the-art knowledge as it pertains to the dangers of asbestos inhalation involving the use and storage of hazardous materials;

g. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Decedent from being exposed to asbestos in the environment in which he was required to be present;

h. To make certain that Decedent was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust;

i. To measure the levels of asbestos dust in the premises working environment;

j. To comply with applicable state and federal regulations for exposure to asbestos, including, for example, regulations promulgated by the Walsh-Healy Act and the Occupational Safety and Health Act; and

k. To warn Decedent of the dangers posed by the polluted atmosphere in which he was required to work, including, but not limited to, the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

30. Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

31. Upon information and belief, Defendants knew of the dusty atmospheres in which Decedent was required to enter and work, which was damaging and dangerous to Decedent. Each knew, or should have known, of the dangers to Decedent's health posed by Decedent working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that respiratory illness, such as the cancer

suffered by Decedent, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

32. The negligence of Defendants was a substantial contributing factor in causing damages to Decedent and Petitioner.

**STRICT LIABILITY OF ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

33. Petitioner repeats, reiterates, and re-alleges every allegation of this Petition contained in the paragraphs above and with the same force and effect as if fully set forth herein:

34. The Defendants were all miners, manufacturers, sellers, users, distributors, and/or suppliers of asbestos products and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products or representing themselves as manufacturers of asbestos products or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraphs 12-14, from which Decedent Emile J. Danos was exposed.

35. The products mined, manufactured, sold, distributed, supplied, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Decedent who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous or unreasonably dangerous per se;

b. the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonable dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Decedent who would be foreseeably exposed to them in as a result of their intended use;

c. lack of warning of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed, and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of;

l. over warranting the safety of these products that were manufactured, sold, supplied, and/or used by Defendants; and

m. liability to Petitioner in strict liability for things in their grade, possession, custody, or control, pursuant to Article 2317 of Louisiana Code of Civil Procedure, that have caused harm to the Decedent.

36. The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Decedent's and Petitioner's injuries complained of herein.

37. Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Decedent's and Petitioner's injuries.

**STRICT LIABILITY OF EMPLOYER/PREMISE OWNER/ EXECUTIVE OFFICER DEFENDANTS**

38. Petitioner repeats, reiterates, and re-alleges every allegation of this Petition contained in the paragraphs above and with the same force and effect as if fully set forth herein:

39. Petitioner further alleges strict premise liability of the Employer/Premise Owner/Executive Officer Defendants in failing to provide Decedent a safe place in which to work free from the hazards of asbestos, which failure was a proximate cause of Decedent's injuries.

40. The premises within which Emile J. Danos was exposed to asbestos such that, as set forth in Paragraphs 12-14, were owned by and in the custody of the Employer/Premise Owner/ Executive Officer Defendants and were unreasonably dangerous due to the Presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Decedent's and Petitioner's injuries set forth herein.

41. The Employer/Premise Owner/Executive Officer Defendants negligently, recklessly, willfully, and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge its duties to Decedent and Petitioner in the following particulars:

a. Failure to provide Decedent with a safe place to work;

b. Failure to provide Decedent with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the breathing of asbestos fibers;

c. Failure to inform or warn Decedent of the hazards of asbestos exposure.

d. Failure to provide safety equipment.

e. Failure to disclose, warn, or reveal critical medical and safety information regarding asbestos hazards in general and with regard to those specific hazards at the work site;

f. Failure to timely remove asbestos hazards from the workplace;

g. Failure to properly supervise or monitor the work areas for compliance with safety regulations and

h. Failure to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

42. These specific acts of fault were a substantial contributing factor to Decedent's and Petitioner's injuries.

**<u>NEGLIGENCE OF EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICER DEFENDANTS</u>**

43. Petitioner repeats, reiterates, and re-alleges every allegation of this Petition contained in the paragraphs above and with the same force and effect as if fully set forth herein:

44. Decedent was exposed to asbestos-containing products via exposure from the above-named Employer/Premises Owners/Executive Officer Defendants. Decedent's exposure to asbestos products occurred without fault on his part. Petitioner hereby alleges that the Employer/Premise Owner/Executive Officer Defendants are liable for Decedent's injuries, as alleged, arising out of their negligent conduct as detailed herein, and, in failing to provide a safe place in which to work free from the dangers our respirable asbestos-containing dust.

45. As a direct and proximate contributing result of having inhaled, ingested, or otherwise having been exposed to asbestos from the above-named Employer/Premise Owners/Executive Officer Defendants has Decedent received injuries, both physically and mentally, including, without limitation, all of the ramifications of malignant lung cancer and death.

46. The Employer/Premise Owner/Executive Officer Defendants negligently, recklessly, willfully, and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Decedent in the following particulars:

a. Failed to provide Decedent with a safe work environment.

b. Failed to provide the Decedent with safety equipment.

c. Failed to provide the Decedent with correct, adequate, or proper safety equipment.

d. Recklessly, negligently failed to disclose, warn, or reveal critical medical and safety information to the Decedent regarding asbestos hazards in general and with regard to those specific hazards at the work site.

e. Recklessly concealed and negligently omitted to reveal critical medical and safety information from the Decedent regarding the safety and health risks associated with asbestos and asbestos-containing products at the worksites.

f. Failed to timely remove asbestos hazards from the workplace.

g. Failed to properly supervise or monitor the work areas for compliance with safety regulations and

h. Failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

47. The above-described negligence, fault, and willful misconduct of these Defendants was a proximate cause of Decedent's and Petitioner's injuries.

**INSURANCE COVERAGE**

48. Petitioner repeats, reiterates, and re-alleges every allegation of this Petition contained in the paragraphs above and with the same force and effect as if fully set forth herein:

49. The following Defendants are insurance companies authorized to do and/or doing business in Louisiana and subject to the jurisdiction of this Honorable Court. These Defendants, on information and belief, at all times pertinent herein, were the liability insurers of the subject entities and, as such, are directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes

a. **LOUISIANA INSURANCE GUARANTY ASSOCIATION** has a statutory obligation to Petitioner and Decedent based upon policies of insurance issued by insolvent insurer Lamorak Insurance Company, including but not limited to: deceased Avondale executives Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, and Albert Tausey; Eagle, Inc. and The McCarty Corporation (administratively terminated as of December 27, 2021) and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

b. **PENNSYLVANIA GENERAL INSURANCE COMPANY** (formerly American Employers Insurance Company) at all times pertinent herein was the insurer of deceased Avondale executives Henry Zac Carter, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, J. Melton Garrett, and Albert Tausey and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

c. **UNITED STATES FIDELITY AND GUARANTY COMPANY**, a foreign insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which at times pertinent herein (1978 to 1981) was the insurer of Eagle, Inc. and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute

d. **ZURN AMERICAN INSURANCE COMPANY, successor-by-merger-to MARYLAND CASUALTY COMPANY**, at all times pertinent herein, was the insurer of Marquette Insulation, Inc. (who filed for bankruptcy and ultimately dissolved) and, as such, is directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statute.

50. The Insurer Defendants, on information and belief, had in full force and effect insurance policies for the Defendants as identified above, against the causes of action asserted here and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, the Insurer Defendants are directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655

**WRONGFUL DEATH AND SURVIVORSHIP**

51. Petitioner repeats, reiterates, and re-alleges every allegation of this Petition contained in the paragraphs above and with the same force and effect as if fully set forth herein:

52. Petitioner brings this cause of action for Emile J. Danos's wrongful death and Survivorship pursuant to L.A. Code of Civil Procedure Art. 2315.2 and 2315.1 for the benefit of Dorothy J. Danos, as the widow of the Decedent, and on behalf of the heirs of Emile J. Danos', as defined by L.A. Code of Civil Procedure Art. 235.2.

53. As a direct and proximate result of the negligence, recklessness, carelessness, and intentional actions of Defendants as described above, Decedent Emile J. Danos died on October 21, 2023, and his wife has and will endure pecuniary loss, mental shock and suffering, wounded feelings grief, sorrow, loss of love, loss of society the with Decedent, loss of guidance from the Decedent, loss of his companionship and deprivation of the use and comfort of the Decedent's experience, knowledge and judgment in managing the affairs of himself and his beneficiaries, and they have been otherwise seriously damaged. Moreover, reasonable funeral expenses were incurred, and Petitioner requests judgment against Defendants in such amount of actual and punitive damages as the trier of fact may determine.

54. Additionally, Petitioner brings this cause of action for Decedent's medical, surgical, and hospital bills, as well as for Decedent conscious pain and suffering prior to his untimely death, as well as for the mental distress of Decedent due to the knowledge of his impending death from his incurable disease.

55. As a direct and proximate result of the negligence, recklessness, carelessness, and, in some cases, intentional actions of Defendants as described, Decedent Emile J. Danos endured conscious pain, suffering, mental anguish, and distress until his untimely death, and Petitioner

requests judgment against Defendants in such amount of actual and punitive damages as the trier of fact may determine.

**DAMAGES**

56. All of the allegations of the above paragraphs are incorporated by reference herein.

57. By reason of the Defendants' concurrent and indivisible fault resulting in their solidary liability as described above, and because of the injuries to the Decedent Emile J. Danos, Petitioner Dorothy J. Danos, is entitled to recovery for her damages as follows:

a. physical pain and suffering of Decedent
b. mental anguish of Decedent and Petitioners
c. Medical and death-related expenses of Decedent and Petitioners
d. Disability and Lost Earnings
e. Wrongful Death and Survivorship
f. Loss of Consortium
g. Loss of enjoyment and quality of life, and
h. Any other losses, costs, and interest that are established at the trial or that Petitioners are legally entitled to in this matter

**WHEREFORE**, Petitioner prays that all Defendants named in this Petition for Damages be cited to appear and answer as the law directs and that, after due proceedings are hard, Petitioner recovers of and from the Defendants individually, jointly, and *in solido* for their damages as alleged, in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, and for such other and further relief, special and general, as law and equity may permit.

Respectfully submitted,

Mickey P. Landry, Bar No. 22817
Frank J. Swarr, Bar No. 23322
Matthew C. Clark, Bar No. 31102
Benjamin D. Rumph, Bar No. 37851
**LANDRY & SWARR, LLC**
1100 Poydras Street
Energy Centre – Suite 2000
New Orleans, LA 70163
T: (504) 299-1214
F: (504) 299-1215
Email: mlandry@landryswarr.com
Email: fswarr@landryswarr.com
Email: mclark@landryswarr.com
Email: brumph@landryswarr.com

and

Darren McDowell, (To be Admitted Pro Hac Vice)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, Texas 75202
T: (214) 722-5990
F: (214) 722-5991
Email: dmcdowell@dobslegal.com

**COUNSEL FOR PETITIONER**

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

**PLEASE SERVE THE FOLLOWING WITH THE PETITION FOR DAMAGES.**

1. **A. W. CHESTERTON COMPANY**
   Through its registered agent for service of process in Louisiana:
   C T Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

2. **ALFA LAVAL INC.**
   Through its registered agent for service of process in Louisiana:
   C T Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

3. **ANCO INSULATION, INC.**
   Through its registered agent for service of process in Louisiana:
   C T Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

4. **BAYER CROPSCIENCE, INC.**
   (individually and as successor in interest to Amchem Products, Inc., successor to Benjamin Foster Company)
   Through the Louisiana Long-Arm Statute on its registered agent for service of process:
   Corporation Service Company
   80 State Street
   Albany, NY 12207

5. **CATEPILLAR, INC.**
   Through its registered agent for service of process in Louisiana:
   Corporation Service Company
   450 Laurel Street, 8th Floor
   Baton Rouge, LA 70801

6. **CLEAVER-BROOKS, INC.**
   (f/k/a Aqua-chem, Inc., d/b/a Cleaver-Brooks Division)
   Through the Louisiana Long-Arm Statute on its registered agent for service of process:
   Corporation Service Company
   251 Little Falls Drive
   Wilmington, DE 19808

7. **ERICSSON, INC.**
   (individually and as successor-in-interest to Anaconda Wire & Cable Company)
   Through its registered agent for service of process in Louisiana:
   Capitol Corporate Services, Inc.
   8550 United Plaza Building II
   Suite 305
   Baton Rouge, LA 70809

8. **FOSTER WHEELER ENERGY CORPORATION**
   Through its registered agent for service of process in Louisiana:
   United Agent Group Inc.
   1070-B West Causeway Approach
   Mandeville, LA 70471

9. **GENERAL CABLE CORPORATION**
   Through the Louisiana Long-Arm Statute on its registered agent for service of process:
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

10. **GENERAL CABLE INDUSTRIES, INC.**
(individually and as successor-in-interest to Carol Cable Co.)
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

11. **GOULDS PUMPS LLC**
(f/k/a Goulds Pumps Inc.)
Through its registered agent for service of process in Louisiana:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

12. **GOULDS PUMPS, INCORPORATED**
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
C T Corporation System
28 Liberty Street
New York, NY 10005

13. **GRAYBAR ELECTRIC COMPANY, INC.**
Through its registered agent for service of process in Louisiana:
Corporation Service Company
450 Laurel Street, 8th Street
Baton Rouge, LA 70801

14. **GRINNELL LLC**
(d/b/a Grinnell Corporation)
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

15. **HB FULLER COMPANY**
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Celeste Beeks Mastin
1200 Willow Lake Boulevard
St. Paul, MN 55110

16. **HUNTINGTON INGALLS INCORPORATED AVONDALE INDUSTRIES, INC.**
(f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.)
Through its registered agent for service of process in Louisiana:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

17. **IMO INDUSTRIES INC.**
Through its registered agent for service of process in Louisiana:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

18. **INTERNATIONAL PAPER COMPANY**
(as successor in interest to U.S. Plywood)
Through its registered agent for service of process in Louisiana:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

19. **ITT LLC**
(f/k/a ITT Corporation, ITT Industries Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg. Corp., Bell and Gossett Company, ITT Marlow, and Kennedy Valve Company)

Through the Louisiana Long-Arm Statute on its registered agent for service of process:
C T Corporation System
334 N. Senate Avenue
Indianapolis, IN 46204

20. **JOHNSON CONTROLS, INC.**
Through its registered agent for service of process in Louisiana:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

21. **LAMONS GASKET CO., INC.**
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Corporation Service Company
d/b/a CSC – Lawyers Incorporating Service Company
211 E. 7th Street., Suite 620
Austin, TX 78701

22. **LOUISIANA INSURANCE GUARANTY ASSOCIATION**
Through its registered agent for service of process in Louisiana:
Deidre Arceneaux
2142 Quail Run Drive
Baton Rouge, LA 70808

23. **MINE SAFETY APPLIANCES COMPANY, LLC**
Through its registered agent for service of process in Louisiana:
Cogency Global Inc.
4459B Bluebonnet Blvd.
Baton Rouge, LA 70809

24. **PARAMOUNT GLOBAL**
(f/k/a ViacomCBS Inc. f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc. successor-by-merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation)
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

25. **PENNSYLVANIA GENERAL INSURANCE COMPANY**
(formerly American Employers Insurance Company)
Through its registered agent for service of process in Louisiana:
Secretary of State
Legal Services Sections
8585 Archives Ave.
Baton Rouge, LA 70809

26. **PHELPS DODGE INDUSTRIES, INC.**
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Registered Agent Solutions, Inc.
838 Walker Road, Suite 21-2
Dover, DE 19904

27. **REDCO CORPORATION**
(f/k/a Crane Co).
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

28. **RSCC WIRE & CABLE LLC**
(d/b/a Rockbestos Supernant Cable Corp.)

Through the Louisiana Long-Arm Statute on its registered agent for service of process:
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

29. **TAYLOR-SEIDENBACH, INCORPORATED**
Through its registered agent for service of process in Louisiana:
Hal Shepard
731 South Scott St.
New Orleans, LA 70119

30. **THE OKONITE COMPANY**
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
David Sokira
The Okonite Company, Inc.
102 Hill Top Road
Ramsey, NJ 07446

31. **UNIROYAL HOLDING, INC.**
(f/k/a U.S. Rubber Company, Inc.)
Through the Louisiana Long-Arm Statute on its registered agent for service of process:
C T Corporation System
820 Bear Tavern Road, Suite 305
West Trenton, NJ 08628

32. **UNITED STATES FIDELITY AND GUARANTY COMPANY**
(As the insurer of Eagle, Inc.)
Through its registered agent for service of process in Louisiana:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

33. **ZURN AMERICAN INSURANCE COMPANY**
**(successor-by-merger-to MARYLAND CASUALTY COMPANY)**
(As the insurer of Marquette Insulation, Inc.)
Through its registered agent for service of process in Louisiana:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809